# THIRD DISTRICT—OCTOBER, 1913.     175

Springfield Light, H. and P. Co. v. Phila. Cas. Co., 184 Ill. App. 175.

## Springfield Light, Heat and Power Company, Appellee, v. Philadelphia Casualty Company, Appellant.

1. INDEMNITY, § 23*—*sufficiency of declaration in action on indemnity policy.* In an action on an employer's indemnity policy, declaration alleging that plaintiff, the employer, sustained loss by being required to pay a judgment recovered against him in an action for the death of an employe, and that the death of such employe was caused by a certain coal bunker, then being installed in plaintiff's plant, falling upon him, *held* sufficient on general demurrer.

2. INDEMNITY, § 23*—*when special pleas in action on indemnity policy demurrable.* In an action on an employer's indemnity policy to recover loss sustained by plaintiff on account of being compelled to pay for the death of an employe, a demurrer to defendant's special pleas setting up that such employe was killed by the falling of coal bunkers then being installed in plaintiff's plant, which bunkers were not repairs or renewals of bunkers theretofore existing in said plant, *held* properly sustained.

THOMPSON, J., dissenting.

3. INDEMNITY. § 8*—*indemnity policy construed.* Where the employment specified in an indemnity policy is "manual classification of work operating and maintenance of electric plant and distributing system, including ordinary repairs and renewals, etc.," the words "ordinary repairs and renewals" may be construed to allow employer to attach labor saving machinery to his plant to assist in getting coal to its furnaces.

4. INDEMNITY, § 24*—*admissibility of evidence.* In an action on an employer's indemnity policy, evidence offered by defendant tending to the kind and character of coal bunkers being installed in plaintiff's plant at the time of the accident to an employe, *held* properly refused.

5. INDEMNITY, § 26*—*computation of interest.* In an action on a policy of indemnity against loss under the Employer's Liability Act, a judgment entered against the indemnity company allowing interest to be computed on the time intervening between the time verdict was returned and the judgment was entered against the employer in an action against him for the death of his employe, *held* error, but not reversible error, and the judgment was affirmed on condition of remittitur as to such amount.

6. INTEREST, § 33*—*when attaches to judgments.* Under R. S. c. 74, § 3, relating to interest, J. & A. ¶ 6692, interest cannot attach until the judgment is rendered.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1913. Affirmed after remittitur filed, otherwise reversed and remanded. Opinion filed October 16, 1913. *Certiorari* denied by Supreme Court (making opinion final).

GRAHAM & GRAHAM, for appellant.

WILSON, WARREN & CHILD, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

The appellee Company, which employed at the time a large force of men in the management and operation of its plant located in the city of Springfield, applied to the appellant Company and obtained a policy of indemnity against loss by reason of accident or death of certain men employed in said plant, by reason of the Employer's Liability Act.

Subsequently suit was brought by the appellee to recover for alleged loss sustained under the said policy.

The declaration averred, in substance, that at the time of the issuance of the policy one George Whitehead, an employe, was in the class and one of the persons included in said indemnity policy, and that on the 9th day of December, 1909, while the said George Whitehead was so employed and while appellee was so operating said plant, a certain coal bunker, then being placed in the said plant and to become a part of the heating apparatus of said plant, ·fell over and against the said George Whitehead and instantly killed him; that notice was duly served upon the appellant Company of the accident and death of said deceased; that the administratrix of the estate of the said George Whitehead, deceased, commenced suit against appellee and recovered a judgment against appellee in the sum of $6,000 and costs of suit; that appellant was notified of the commencement of the said suit and appeared and defended it in the name of appellee; that in consequence of said judgment appellee

was required to pay to the administratrix of the estate of the said George Whitehead, deceased, the sum of $6,533, in satisfaction of said judgment, by reason whereof appellant became liable to pay to the appellee the said sum of money under and by virtue of said policy of indemnity so issued as aforesaid.

General demurrer was filed to the declaration, and same was, by the court, overruled.

Thereupon appellant filed a plea of the general issue and two special pleas.

The substance of the two special pleas was, to wit: That the deceased, George Whitehead, was killed by the falling of one of the coal bunkers which plaintiff was then installing on its plant, and that said bunkers were not repairs or renewals of the bunkers theretofore existing in said plant but were a new addition to said plant.

Demurrer was interposed to the said two special pleas, and same were sustained by the court, to which action by the court appellant excepted.

The cause was tried by the court and a jury, and a verdict was returned in favor of the appellee in the sum of $6,122. After overruling a motion for new trial, the court entered judgment in the sum of the verdict. Exception was taken by appellant, and this appeal perfected.

Appellant assigns as for error the action of the court in overruling the demurrer to the declaration.

We are inclined to the view the declaration was sufficient, and that the action of the court in overruling the demurrer was correct.

It is next complained that the court erred in sustaining the demurrers interposed to the two special pleas.

The question raised by these pleas is, whether the employment of the deceased at the time he met with his death was of the character and kind specified in said policy. The following clauses of the application and policy are relied upon by appellant:

"Manual classification of work operating and maintenance of electric plant and distributing system, including ordinary repairs and renewals, extension of lines in territory covered by present ordinance, and the making of service connections;" also, "The place or places where work is to be carried on, the kind of work at each such places, the number of employes and the estimated pay roll including over time and all allowances at each such place, are stated in schedule on opposite page. The operations carried on are those usual to the trade or kind described therein."

The record in this case shows that the deceased, at the time of his injury and death, was what was called a "coal passer," his duties being to assist in getting the coal from the window, where it was unloaded from cars, to the furnaces, and he was so employed at that time.

We do not think it can be said to be a strained construction of the language above quoted, to say that the words "ordinary repairs and renewals" may be construed to allow appellee to attach labor saving machinery to the plant to assist in getting coal to its furnaces.

Even the language of the plea averring that appellee was in the act of making extensive additions to its plant, when describing the additions, the pleader says they were sheet iron coal bunkers, a coal bunker being a device used to assist the coal shovelers in keeping the furnaces provided with coal. This was really an improved method of handling the coal. It cannot be said it was an addition to the business. It was only a different method or mode of getting the coal to the furnaces.

Can it be said that a bunker, when used as the one in question, was "unusual to the trade" or business engaged in by appellee? If it was usual, or if it was a repair or an improvement upon the method of handling coal used in said furnaces, it could not reasonably be said it was an addition to the plant, and not

THIRD DISTRICT—OCTOBER, 1913.      179

Springfield Light, H. and P. Co. v. Phila. Cas. Co., 184 Ill. App. 175.

being an addition, the appellant could not be relieved from liability by reason thereof.

We think the demurrers to the said pleas were properly sustained.

The further objection is urged by appellant, that the court excluded evidence offered in its behalf, tending to show the kind and character of the bunkers that were, at the time of the accident, being installed, to wit: that they were seven feet high, ten feet long and four feet wide, each weighing twelve hundred pounds.

Under our view of this case the evidence offered was not important to the decision of the issues involved, and was, therefore, properly refused.

It is further contended that the amount of the judgment was not warranted by the evidence introduced. After a careful examination of the evidence contained in this record, we find that the case of Cornelia Whitehead, administratrix of the estate of George Whitehead, deceased, v. Appellee, was tried in the Circuit Court of Sangamon county on the 7th day of May, 1910, and a verdict was then and there returned in favor of the plaintiff; that on July 19, 1910, the motion for new trial in said cause was overruled and judgment then and there entered in favor of the plaintiff and against the defendant, appellee here. In computing the amount of expense, costs and interest in the case at bar, the court permitted interest to be computed on the time intervening between May 7, 1910, and the rendition of the judgment.

We do not understand that interest can attach until judgment has been rendered. Section 3 of chapter 74, R. S. (J. & A. ¶ 6692) provides: "Judgments recovered before any court or magistrate shall draw interest at the rate of five per centum per annum from the date of the same until satisfied." It was therefore error to include in the judgment the interest from May 7, 1910, to July 19, 1910, which amount is estimated to be $49.99. But this error is not necessarily reversible.

If the appellee shall remit the said amount from its judgment, the judgment will be affirmed in the sum of the remainder, otherwise the judgment will be reversed and the cause remanded.

*Affirmed after remittitur filed; otherwise reversed and remanded.*

MR. JUSTICE THOMPSON dissents on the ground that the demurrer should have been overruled to the second plea.